(March 30, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARON SAMUELS, Appellant. [704 NYS2d 754] —Mercure, J. P. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered August 14, 1998, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

The indictment against defendant arises out of a January 21, 1998 incident in which defendant and two codefendants are

alleged to have sold cocaine to an undercover police officer in a municipal parking lot. In addition to a count of criminal sale of a controlled substance in the third degree predicated upon an "acting in concert theory" (count one), defendant is individually charged with two counts of criminal possession of a controlled substance (counts five and six) based upon the discovery of a quantity of cocaine on defendant's person following his arrest for loitering in the first degree (Penal Law § 240.36). After an unsuccessful effort to suppress the fruits of his allegedly illegal arrest, defendant entered guilty pleas to the three counts against him and was sentenced as a second felony offender to concurrent prison terms aggregating 5 to 10 years. Defendant now appeals, contending that County Court erred in its determination that the police had probable cause to arrest him and in denying his suppression motion on that basis.

In our view, there is merit to defendant's contention. "Under the fellow officer rule, a police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting ' "upon the direction of or as a result of communication with" ' a fellow officer or another police agency in possession of information sufficient to constitute probable cause for the arrest" (*People v Ketcham*, 93 NY2d 416, 419-420, quoting *People v Mims*, 88 NY2d 99, 113; quoting *People v Horowitz*, 21 NY2d 55, 60; *see, People v Maldonado*, 86 NY2d 631, 635-636; *People v Tillie*, 239 AD2d 670, 671-672, *lv denied* 91 NY2d 881). In view of the fact that the arresting officers had no personal knowledge of defendant's involvement in any criminal activity, but acted solely on their supervising detective sergeant's orders, we must look at the latter's knowledge in determining whether there was probable cause to arrest defendant.

At the *Mapp* hearing, the detective sergeant testified that he was the supervisor of the undercover operation and monitored the unfolding events from his vehicle. The detective sergeant testified that he was able to observe the undercover officer, who was in a car equipped with a radio transmitter, make contact with defendant and codefendant Marcel Edmunds in front of a supermarket. He then watched the undercover officer drive his car into a parking lot at the far end of the store and defendant and Edmunds follow on foot. It is undisputed, however, that the supervising detective could not see defendant and Edmunds from the time they entered the parking lot until they reemerged following the drug sale and, although he was monitoring the transaction via the undercover officer's radio transmitter, he acknowledged that he heard no voices other than those of the undercover officer and Edmunds.

Under the circumstances, it appears that the supervising detective was merely aware that Edmunds sold drugs to the undercover officer and that defendant was apparently in the parking lot at the time. In our view, these circumstances establish, at the very most, defendant's "mere presence at a narcotics transaction" which, at least in the absence of overt criminal activity or furtive behavior, has been held not to provide probable cause to arrest (*see, People v Martin*, 32 NY2d 123, 125; *People v Ortiz*, 103 AD2d 303, 306, *affd* 64 NY2d 997). In addition, although the undercover officer's hearing testimony concerning the manner in which defendant looked back and forth between the street and the participants in the drug transaction provides arguable support for a finding that defendant was acting as a lookout, and was thus an accessory to the drug sale (which, it should be noted, is not the crime for which he was arrested), that conduct was neither viewed by nor communicated to the supervising detective.

Under the circumstances, we conclude that the People failed to satisfy its burden at the suppression hearing of presenting evidence supporting a finding that the detective sergeant who ordered defendant's arrest had probable cause to believe that, by his mere presence in the parking lot at the time of the drug transaction, defendant had committed the crime of loitering in the first degree (Penal Law § 240.36). We shall accordingly reverse so much of County Court's order as denied defendant's motion to suppress all evidence obtained as a result of his illegal arrest and, pursuant to CPL 470.55 (2), vacate defendant's guilty plea and restore the action to its prepleading status (*see, People v Burger*, 67 NY2d 338, *revd on other grounds* 482 US 691; *People v Coles*, 62 NY2d 908).

Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, guilty plea vacated, motion to suppress granted and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision.