■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL EBRON, Appellant. [712 NYS2d 212] —Graffeo, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered January 2, 1997, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

Having been found guilty after trial of the two counts charged in the indictment, defendant now challenges the suppression and *Sandoval* rulings issued by County Court. Contrary to defendant's assertions, we find that the People adequately demonstrated at the suppression hearing the legality of defendant's arrest and of the seizure of illegal drugs from defendant's person during a subsequent search incident to that arrest.

At the suppression hearing, the People offered evidence that defendant was arrested pursuant to a valid arrest warrant issued for other charges, a copy of which was admitted into evidence. The arresting officer, who knew defendant from having patrolled defendant's neighborhood for more than three years, testified that prior to beginning patrol on the day of the arrest, a detective in his department had advised him there was an outstanding warrant for defendant's arrest. When, during the course of his patrol, the officer observed defendant patronizing a convenience store, the officer approached defendant, confirmed his identity and informed him of the arrest warrant. After conducting a "pat down" frisk for weapons, the officer radioed the detective's office with defendant's name and date of

birth and verified the existence of the outstanding arrest warrant. He then placed defendant under arrest. A search of defendant's person undertaken as part of the booking process led to the discovery of crack cocaine in defendant's socks, which resulted in the charges underlying the indictment in this case. Defendant offered no evidence at the hearing to rebut the arresting officer's account of the relevant events.

Defendant neither challenges the validity of the outstanding warrant nor the reliability of the information conveyed by the detective to the arresting officer, but instead contends that since he was not stopped immediately after committing a crime, his arrest was illegal under the *De Bour* test (*see, People v De Bour*, 40 NY2d 210) and, therefore, the evidence subsequently discovered was inadmissible. We disagree. This case does not involve a warrantless police-initiated street encounter with a citizen which would necessitate consideration of the *De Bour* factors (*see, People v Hollman*, 79 NY2d 181; *People v De Bour*, *supra*). Rather, in this case, the arresting officer approached defendant to execute a concededly valid arrest warrant.

An arresting officer need not have the warrant in his possession when making an arrest (*see,* CPL 120.80 [2]) and it is well established that an officer may rely upon information communicated to him by another police officer that a certain individual is the subject of an outstanding warrant (*see, People v Jennings*, 54 NY2d 518, 522; *People v Boone*, 269 AD2d 459). As the People demonstrated at the suppression hearing that defendant was taken into custody pursuant to a valid arrest warrant, and there being no allegation that it was not supported by probable cause or was otherwise defective (*see, People v Boone*, *supra*, at 459), County Court properly determined that the illegal drugs discovered during the search of defendant's person incident to the arrest were admissible (*see, People v Revander*, 254 AD2d 625, *lv denied* 92 NY2d 1053; *People v Harris*, 217 AD2d 791, *lv denied* 87 NY2d 846).

Defendant next asserts that reversal is warranted because County Court erred when it permitted defendant to be questioned about his prior convictions during cross-examination. Following a *Sandoval* hearing, County Court held that in the event defendant took the stand, the People could inquire into the facts underlying an escape and two assault convictions, as well as to question defendant generally as to whether he had been convicted of two misdemeanors and a violation of probation. We conclude that County Court did not abuse its discretion in fashioning its *Sandoval* compromise when, in weighing the potential for prejudice, it precluded in-

quiry regarding the facts underlying the drug-related offenses but allowed questioning on the remaining convictions as they were probative of defendant's credibility and indicated his willingness to place his interest above that of society (*see, People v McGlocton*, 267 AD2d 614, *lv denied* 94 NY2d 905; *People v Driscoll*, 251 AD2d 759, 762, *lv denied* 92 NY2d 949).

Crew III, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.