■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEDRET WHITEHEAD, Appellant. [803 NYS2d 298]—

Mugglin, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered July 24, 2003, convicting defendant upon his plea of guilty of the crimes of tampering with physical evidence, resisting arrest and criminal possession of a controlled substance in the seventh degree.

Defendant was arrested on an alleged parole violation in Ulster County, on November 16, 2001. At the time, defendant

was serving a prison term for possession of cocaine and had been released as part of a work release program. As a result of incidents during arrest and a search of his motel room, defendant was indicted for criminal possession of a controlled substance in the fourth degree, tampering with physical evidence, resisting arrest and criminal possession of a controlled substance in the seventh degree. Following suppression of certain property seized from the motel room, defendant pleaded guilty to tampering with physical evidence, resisting arrest and criminal possession of a controlled substance in the seventh degree. Sentenced as a second felony offender to an aggregate prison sentence of 1½ to 3 years to run consecutive to the sentence he was then serving, defendant appeals.

First, the fellow officers rule (*see People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996]; *People v Bell*, 5 AD3d 858, 859 [2004]; *People v Samuels*, 270 AD2d 779, 780 [2000]) renders meritless defendant's claim that the evidence seized from his person on arrest should have been suppressed because the arresting officer lacked probable cause to effect the arrest. As the shift sergeant who imparted the information to the arresting officer had probable cause to effect the arrest, the information is presumed to be reliable (*see People v Ketcham*, 93 NY2d 416, 420 [1999]). Contrary to defendant's argument, the arresting officer need not have physical possession of the warrant (*see People v Ebron*, 275 AD2d 490, 491 [2000], *lv denied* 95 NY2d 934 [2000]).

Next, under the circumstances of this case, we reject defendant's contention that County Court should have dismissed the second count of the indictment charging him with tampering with physical evidence due to the failure of the indictment to allege the specific acts which constitute this offense (*see* CPL 200.50 [7] [a]). Before pleading guilty, defendant had received a bill of particulars and had participated in a suppression hearing at which testimony concerning all of the relevant facts of this charge was taken. As a result, defendant had knowledge of the conduct constituting the offense and an opportunity to prepare a defense (*see e.g. People v Sanchez*, 84 NY2d 440, 445 [1994]; *People v Kindlon*, 217 AD2d 793, 795 [1995], *lv denied* 86 NY2d 844 [1995]).

Lastly, we reject defendant's argument that his counsel was ineffective for failing to make a timely motion to dismiss the second count of the indictment. While this motion was made orally, after the time for motions had expired, it was fully considered by County Court. Moreover, defense counsel is under no obligation to insure that the People meet their burden of

providing the necessary specific factual allegations in support of the counts of an indictment where they have arguably served an insufficient bill of particulars. Viewed in totality, at the time of representation, we conclude that defendant received the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Mateo*, 252 AD2d 821, 821 [1998], *lv denied* 92 NY2d 927 [1998]). A single error which does not create reasonable likelihood that the outcome of the prosecution would have been different does not constitute ineffective assistance of counsel (*see People v Douglas*, 296 AD2d 656, 657-658 [2002], *lv denied* 99 NY2d 535 [2002]). Further, we are unpersuaded that County Court erred in refusing to allow defendant to withdraw his plea unless it was an *Alford* plea. The record is clear that after defendant's attempt to enter a "nolo contendere" plea was rejected, he knowingly, voluntarily and intelligently pleaded guilty to the indictment, as charged, after having been fully informed by County Court of the ramifications of his plea and that he would be sentenced as a second felony offender.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.