■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL PLEASANT, Appellant. [989 NYS2d 189]—

Lynch, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 2, 2012, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Following his arrest and indictment on three counts of burglary in the second degree, defendant engaged in plea negotiations that culminated in an offer to enter a guilty plea to one count of the indictment in exchange for a prison sentence of seven years followed by five years of postrelease supervision and the payment of restitution. During the plea hearing, the People conceded that restitution in the amount of $100,000 as requested by one of the victims was "excessive" and proffered an itemized list supporting $32,240 in restitution, based upon the preplea investigation. County Court agreed to order restitution in that amount and, based upon that representation, defendant thereafter pleaded guilty. At sentencing, the People reiterated that $32,240 was the exact amount of the itemized restitution and that the victim was in agreement with this amount. However, following an in-court statement by the victim, the court stated that it was going to order $100,000 in restitution, indicating that defendant could request a restitution hearing if he so desired. Prior to adjourning to allow defendant to confer with counsel about whether to accept the enhanced restitution amount or withdraw his plea, the court warned defendant that it believed that a prison sentence of "15 [years] is more appropriate." Defendant ultimately went forward with sentencing and the court imposed the increased restitution amount. Defendant now appeals.

Initially, we are unpersuaded by defendant's claim that the prison term imposed was harsh and excessive. Defendant bargained for the sentence and, although longer than the allowable minimum, it was far less than the maximum potential sentence of 15 years, and defendant could have received consecutive sentences if convicted on all three counts of the indictment (*see People v Jones*, 114 AD3d 1080, 1082 [2014]; *People v Sparks*, 105 AD3d 1073, 1074-1075 [2013], *lv denied* 21 NY3d 1003 [2013]).

However, we agree with defendant that County Court erred in ordering restitution in the amount of $100,000 without a hearing. By statute, when a court requires restitution, it must make a finding as to the actual amount of loss and, "[i]f the record does not contain sufficient evidence to support such finding or upon request by the defendant, the court must conduct a hearing" (Penal Law § 60.27 [2]; *see People v Horne*, 97 NY2d 404, 410 [2002]; *People v Kim*, 91 NY2d 407, 410 [1998]; *People*

*v Stevens*, 80 AD3d 791, 792 [2011], *lv denied* 16 NY3d 900 [2011]). Defendant sufficiently preserved this challenge to the increased amount of restitution, in that defense counsel and the People questioned it at sentencing (*see People v Horne*, 97 NY2d at 414 n 3; *People v Stevens*, 80 AD3d at 792). Upon review, we find that there is no evidence in the record to support the court's imposition of $100,000 in restitution. To the contrary, at sentencing the People characterized such figure as "excessive," stated that they "lacked sufficient documentation and proof" to support that amount, and proffered evidence supporting restitution in the amount of $32,240, a figure to which the victim, the court and defendant had all agreed. Further, there are statutory limits on the amount of restitution, which may be exceeded, as relevant here, provided " 'the amount in excess [is] limited to the return of the victim's property, including money, or the equivalent value thereof' " (*People v Fancher*, 116 AD3d 1084, 1089 [2014], quoting Penal Law § 60.27 [5] [b]). Accordingly, the matter must be remitted for a restitution hearing or a redetermination of restitution consistent with the plea agreement. Given that "[a] sentencing court may not impose a more severe sentence than one bargained for without providing [the] defendant the opportunity to withdraw his [or her] plea" (*People v Naumowicz*, 76 AD3d 747, 750 [2010] [internal quotation marks and citation omitted]; *accord People v Mahar*, 109 AD3d 1047, 1048-1049 [2013]), under the circumstances here, upon remittal, defendant must be afforded an opportunity to withdraw his guilty plea if a hearing is held and the amount of restitution imposed exceeds the originally agreed upon amount, i.e., $32,240. In light of this holding, defendant's remaining contention has been rendered moot.

Stein, J.P., McCarthy, Egan Jr. and Clark, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.