People v Ghee (2021 NY Slip Op 03875)





People v Ghee


2021 NY Slip Op 03875


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

111093
[*1]The People of the State of New York, Respondent,
v
Jeffrey Ghee, Also Known as G, Appellant.

Calendar Date:May 7, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hogan, J.), rendered January 15, 2019 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In full satisfaction of a consolidated indictment, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced as a second felony offender to a prison term of 6½ years followed by a period of postrelease supervision ranging from 1½ to 3 years. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and Supreme Court thereafter sentenced defendant to a prison term of 6½ years followed by three years of postrelease supervision. This appeal ensued.
We agree with defendant that his waiver of the right to appeal was invalid. The written waiver of appeal executed by defendant was overbroad in that, among other defects, it purported to erect an absolute bar to a direct appeal and erroneously indicated that defendant's waiver of the right to appeal included his right to pursue certain collateral relief in state or federal courts (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Figueroa, 192 AD3d 1269, 1270 [2021]; People v Anderson, 184 AD3d 1020, 1020-1021 [2020], lvs denied 35 NY3d 1064, 1068 [2020]; see also People v DeJesus-Ocasio, 192 AD3d 1264, 1264 [2021]). Supreme Court's brief oral colloquy with defendant fell short of curing such defects, as the court failed to ensure "that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Lafond, 189 AD3d 1824, 1825 [2020] [internal quotation marks and citation omitted], lv denied ___ NY3d ___ [Apr. 5, 2021]; see People v Avera, 192 AD3d 1382, 1382 [2021]; People v Figueroa, 192 AD3d at 1270).
In light of the invalid appeal waiver, defendant's challenge to the perceived severity of the sentence imposed is not precluded. That said, the record reflects that defendant received only six months more than the minimum sentence that could be imposed upon his conviction of criminal sale of a controlled substance in the third degree (see Penal Law § 70.70 [4] [b] [i]). Although defendant did receive the maximum period of postrelease supervision that could be imposed in this regard (see Penal Law § 70.45 [2] [d]), Supreme Court expressly stated that such term was not punitive in nature but was instead designed to provide defendant with the structure necessary to aid him in making a lawful transition to society following his release from prison. Against that backdrop, and in light of defendant's criminal history, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence (see People v Avera, 192 AD3d at 1383; People v Barzee, 190 AD3d 1016, 1021-1022 [2021], lv denied 36 NY3d 1094 [2021]). Accordingly[*2], the judgment of conviction is affirmed.
Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.