People v Mayo (2021 NY Slip Op 04057)





People v Mayo


2021 NY Slip Op 04057


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

110028B
[*1]The People of the State of New York, Respondent,
v
Rasheem Mayo, Also Known as Solo and Jr, Appellant.

Calendar Date:June 2, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Marlene O. Tuczinski, Chatham, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Hogan, J.), rendered December 14, 2017 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and attempted arson in the second degree.
Defendant was charged in two separate indictments with arson in the second degree and criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts). In full satisfaction thereof, defendant agreed to plead guilty to the reduced charge of attempted arson in the second degree and to one count of criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced to a prison term of 3½ years upon his arson conviction and to a prison term of four years upon his drug conviction — said sentences to run concurrently and to include periods of postrelease supervision. The plea agreement also required defendant to waive his right to appeal and included restitution in the amount of $300 to the local police department for certain "buy money."
Defendant pleaded guilty in conformity with the plea agreement, and Supreme Court thereafter sentenced defendant to a prison term of 3½ years (followed by 3½ years of postrelease supervision) upon his conviction of attempted arson in the second degree and to a prison term of four years (followed by two years of postrelease supervision) upon his conviction of criminal sale of a controlled substance in the third degree. As outlined in the plea agreement, Supreme Court also imposed restitution in the amount of $300. This appeal ensued.
We agree with defendant that his waiver of the right to appeal is invalid. The two written waivers executed by defendant were overbroad, purported to erect an absolute bar to a direct appeal, erroneously advised that the waiver of the right to appeal encompassed defendant's right to seek certain collateral relief in state or federal courts and failed to indicate that certain issues survived such waiver (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Figueroa, 192 AD3d 1269, 1269-1270 [2021]; People v Anderson, 184 AD3d 1020, 1020-1021 [2020], lvs denied 35 NY3d 1064, 1068 [2020]). Supreme Court's brief oral colloquy with defendant did not cure these defects, as the court failed to ensure "that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Lafond, 189 AD3d 1824, 1825 [2020] [internal quotation marks and citation omitted], lv denied ___ NY3d ___ [Apr. 5, 2021]; see People v Avera, 192 AD3d 1382, 1382 [2021], lv denied ___ NY3d ___ [May 7, 2021]; People v Figueroa, 192 AD3d at 1270).
In light of the invalid appeal waiver, defendant's challenge to the perceived severity of the sentence imposed is not precluded. That said, we note that defendant was sentenced to the minimum term of imprisonment that could be imposed [*2]upon his conviction of attempted arson in the second degree (see Penal Law § 70.02 [1] [b]; [3] [b]), and the sentence imposed upon his conviction of criminal sale of a controlled substance in the third degree was in the middle of the permissible statutory range (see Penal Law § 70.70 [2] [a] [i]), as was the longest period of postrelease supervision imposed (see Penal Law § 70.45 [2] [f]). The record reflects that Supreme Court considered defendant's circumstances before imposing sentence, and, in light of defendant's criminal history, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence (see People v Avera, 192 AD3d at 1383; People v Barzee, 190 AD3d 1016, 1021-1022 [2021], lv denied 36 NY3d 1094 [2021]).
As to the issue of restitution, defendant was apprised from the outset that restitution in the sum of $300 was part and parcel of the plea agreement. Despite being so advised, defendant neither requested a restitution hearing nor otherwise challenged the amount of restitution during the sentencing proceeding. Accordingly, defendant's challenge to the amount of restitution imposed is unpreserved for our review (see People v Ryan, 176 AD3d 1399, 1401-1402 [2019], lv denied 34 NY3d 1081 [2019]; People v Hunter, 175 AD3d 1601, 1603 [2019], lvs denied 34 NY3d 1078, 1082 [2019]; People v Haggray, 164 AD3d 1522, 1526 [2018], lv denied 32 NY3d 1111 [2018]), as is any argument regarding the sufficiency of the People's proof in this regard (compare People v Pleasant, 119 AD3d 984, 986 [2014]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.