People v Wilder (2021 NY Slip Op 04260)





People v Wilder


2021 NY Slip Op 04260


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

110427
[*1]The People of the State of New York, Respondent,
v
Titus T. Wilder, Appellant.

Calendar Date:June 1, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Allen E. Stone Jr., Vestal, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered March 23, 2018, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, criminal possession of a firearm, tampering with physical evidence and criminally using drug paraphernalia in the second degree, and the violation of unlawful possession of marihuana.
After his arrest in August 2015, defendant was charged in a six-count indictment with criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, criminal possession of a firearm, tampering with physical evidence, criminally using drug paraphernalia in the second degree and unlawful possession of marihuana. Defendant moved to suppress certain statements that he made to police as well as the physical evidence that was seized following his arrest. Following a hearing, County Court denied defendant's suppression motion. Defendant thereafter pleaded guilty to the entire six-count indictment, with no promise as to sentence other than a commitment from County Court that his sentence would run concurrently with a sentence to be imposed in an unrelated case.[FN1] County Court thereafter sentenced defendant, as a second felony offender, to a prison term of eight years for his conviction of criminal possession of a weapon in the second degree, to be followed by five years of postrelease supervision, and to concurrent equal or lesser terms for his remaining convictions, with the sentences to run concurrently to the sentence imposed for his unrelated convictions. Defendant appeals.
Defendant contends that County Court erred in denying his motion to suppress physical evidence seized at the time of his arrest because the police did not confirm the existence of his arrest warrant until after he had been taken into custody. We disagree. When executing a warrant of arrest, the police are not required to have the actual warrant in their possession and "may rely upon information communicated to him [or her] by another police officer that a certain individual is the subject of an outstanding warrant" (People v Ebron, 275 AD2d 490, 491 [2000], lv denied 95 NY2d 934 [2000]; see CPL 120.80 [2]; People v Jennings, 54 NY2d 518, 522 [1981]; People v Whitehead, 23 AD3d 695, 696 [2005], lv denied 6 NY3d 840 [2006]). The evidence at the suppression hearing established that, in August 2015, police officers assigned to a plainclothes warrant detail observed defendant, who they knew, walking down the sidewalk in the Village of Endicott, Broome County. Aware that there was an outstanding warrant for defendant's arrest, the officers approached defendant, who then took off running. In the course of a brief foot pursuit, defendant was observed making a throwing motion and thereafter dropped to the ground and surrendered. An officer then asked defendant [*2]if he had anything on his person that could hurt him, to which defendant replied that he had a gun in his pocket. Defendant was placed in handcuffs and, following a pat frisk, a .25 caliber Ravens Arms pistol and a quantity of marihuana were found on him. A search of the area where defendant had made the throwing motion uncovered four glassine envelopes of heroin. Upon taking defendant into custody, officers confirmed that defendant's arrest warrant remained active.
Based on the foregoing, we are satisfied that defendant's arrest was lawful. Defendant does not challenge the validity of the arrest warrant or that it actually existed (see People v Paige, 77 AD3d 1193, 1194 [2010], affd 16 NY3d 816 [2011]; People v Boone, 269 AD2d 459, 459 [2000], lv denied 95 NY2d 850 [2000]), but rather argues that the officers who arrested him did not know of the warrant's existence at the time of their encounter. However, one of the officers testified at the suppression hearing that he reviewed a list of persons with outstanding warrants and knew that the list contained defendant's name and that, one or two days before the encounter, he had looked upon defendant's name in the police computer and learned that defendant had a second warrant. Following defendant's arrest, the officers promptly confirmed that the warrants remained active and valid. Thus, sufficient reliable evidence was presented at the hearing demonstrating that defendant was arrested pursuant to an active and valid arrest warrant (see People v Whitehead, 23 AD3d at 696; People v Ebron, 275 AD2d at 491; People v Boone, 269 AD2d at 459; compare People v Dortch, 186 AD3d 1114, 1115-1116 [2020]; People v Searight, 162 AD3d 1633, 1635 [2018]). Accordingly, defendant's motion to suppress the physical evidence was properly denied.
County Court also properly denied defendant's motion to suppress defendant's statement to police regarding his possession of the pistol. Although defendant had not been read his Miranda rights when officers asked him whether he had anything on him that could harm them, said inquiry was not made to uncover incriminating evidence, but to protect officer safety. Accordingly, the question fell squarely within the public safety exemption to the Miranda requirement such that suppression of the statement was appropriately denied (see New York v Quarles, 467 US 649, 655-657 [1984]; People v Lubrano, 117 AD3d 1239, 1240-1241 [2014], lv denied 25 NY3d 990 [2015]; People v Reyes, 62 AD3d 570, 570-571 [2009], lv denied 13 NY3d 748 [2009]; People v Leach, 6 AD3d 238, 238 [2004], lv denied 3 NY3d 643 [2004]). Finally, we are unpersuaded that defendant's sentence was harsh and excessive. County Court imposed less than the maximum sentence allowable by law and, given defendant's extensive criminal history, we find no abuse of discretion or extraordinary circumstances warranting modification of his sentence in the interest of justice (see People v Turner, 172 AD3d 1768, 1773 [2019[*3]], lvs denied 34 NY3d 930, 939 [2019]).
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: At the time of this plea, defendant stood convicted after trial of attempted assault in the second degree and assault in the third degree.