People v Harris (2022 NY Slip Op 00075)





People v Harris


2022 NY Slip Op 00075


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

110867
[*1]The People of the State of New York, Respondent,
v
Marc Harris, Also Known as Merc and Smoke, Appellant.

Calendar Date:November 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Adam G. Parisi, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Hogan, J.), rendered October 1, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a five-count indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and purportedly waived his right to appeal. Supreme Court sentenced defendant, a second felony offender, to a prison term of seven years followed by five years of postrelease supervision. Defendant appeals.
We agree with defendant's contention that his waiver of the right to appeal was invalid. The written appeal waiver executed by defendant was overbroad, as it indicated that the waiver was a complete bar to a direct appeal as well as to collateral relief on certain nonwaivable issues in both state and federal courts (see People v Bisono, 36 NY3d 1013, 1017 [2020]; People v Mayo, 195 AD3d 1313, 1314 [2021]; People v Ghee, 195 AD3d 1244, 1244 [2021], lvs denied 37 NY3d 992 [2021]). Furthermore, the oral colloquy was insufficient to cure the multiple mischaracterizations in the written waiver or to demonstrate that defendant understood the nature and consequences of the waiver of appellate rights (see People v Bisono, 36 NY3d at 1017; People v Ghee, 195 AD3d at 1244).
Notwithstanding the invalid appeal waiver, defendant's challenge to the voluntariness of the plea is nevertheless unpreserved as the record does not reflect that he made an appropriate postallocution motion, and the plea colloquy reflects no statements by defendant that would trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Haynes, 194 AD3d 1310, 1310 [2021]). In the absence of a postallocution motion, defendant's contention that he received ineffective assistance of counsel affecting the voluntariness of the plea is also unpreserved (see People v Brewster, 194 AD3d 1266, 1267 [2021], lv denied 37 NY3d 970 [2021]; People v Miller, 190 AD3d 1029, 1030 [2021]). As for defendant's challenge to the agreed-upon sentence as harsh and excessive, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Wilder, 196 AD3d 861, 863 [2021]; People v Goldwire, 168 AD3d 1286, 1286 [2019], lv denied 33 NY3d 976 [2019]).
Garry, P.J., Egan Jr., Lynch and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.