People v Torres (2022 NY Slip Op 03278)





People v Torres


2022 NY Slip Op 03278


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

110874
[*1]The People of the State of New York, Respondent,
v
Jeremiah Torres, Also Known as Benny, Appellant.

Calendar Date:April 26, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Catherine A. Barber, Guilderland, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Hogan, J.), rendered October 25, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
In satisfaction of a seven-count indictment, defendant pleaded guilty to criminal contempt in the first degree and purportedly waived his right to appeal. Supreme Court thereafter sentenced defendant, as a second felony offender, to a prison term of 2 to 4 years. Defendant appeals.
Initially, we agree with defendant's contention that his waiver of the right to appeal is invalid. "The written appeal waiver executed by defendant was overbroad, as it indicated that the waiver was a complete bar to a direct appeal as well as to collateral relief on certain nonwaivable issues in both state and federal courts" (People v Harris, 201 AD3d 1030, 1030 [2022], lvs denied 38 NY3d 950, 952, 954 [2022]; see People v Bisono, 36 NY3d 1013, 1017 [2020]; People v Mayo, 195 AD3d 1313, 1314 [2021]; People v Ghee, 195 AD3d 1244, 1244 [2021], lvs denied 37 NY3d 992 [2021]). In addition, a review of the plea colloquy reveals that Supreme Court failed to overcome this defect "by ensuring that defendant understood that some appellate rights survive the appeal waiver" (People v Robinson, 195 AD3d 1235, 1236 [2021]; see People v Thomas, 34 NY3d 545, 566 [2019]; People v Lafond, 189 AD3d 1824, 1825 [2020], lv denied 36 NY3d 1121 [2021]).
Defendant's contention that his guilty plea was involuntary because he allegedly was not informed of his maximum potential sentencing exposure is unpreserved for appellate review, as he did not move to withdraw his plea on this ground prior to the imposition of sentence (see People v Phillip, 200 AD3d 1108, 1108 [2021]; People v Williams, 189 AD3d 1978, 1980 [2020], lv denied 37 NY3d 1165 [2022]; People v Leasure, 177 AD3d 770, 772 [2019], lv denied 35 NY3d 971 [2020]).
In light of the invalid appeal waiver, defendant's claim that the sentence is harsh and excessive is not precluded from our review. That said, given defendant's criminal history and that the sentence was in accordance with the plea agreement, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Larose, 120 AD3d 1442, 1443 [2014], lv denied 24 NY3d 1045 [2014]; People v Fielden, 98 AD3d 1169, 1169-1170 [2012]).
Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.