People v Mont (2022 NY Slip Op 04674)

People v Mont

2022 NY Slip Op 04674

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

112454
[*1]The People of the State of New York, Respondent,
v
Rhaeqhuan Mont, Also Known as Ray Ray, Appellant.

Calendar Date:June 17, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Craig Meyerson, Peru, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered February 11, 2020, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.
In 2019, defendant and his codefendant were charged in a six-count indictment with various crimes stemming from their involvement in the theft of a vehicle. In satisfaction of the charges against him, defendant pleaded guilty to attempted robbery in the second degree. Pursuant to the terms of the plea agreement, defendant purported to waive his right to appeal, both orally and in writing. Defendant was thereafter sentenced, as a second felony offender, to the agreed-upon prison term of four years, followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, defendant is correct that his waiver of the right to appeal is invalid. Defendant's written appeal waiver mischaracterized the rights to be waived, using overbroad language advising that the waiver was a complete bar to a direct appeal, as well as to collateral relief on certain nonwaivable issues in both state and federal courts (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Harris, 201 AD3d 1030, 1030 [2022], lvs denied 38 NY3d 950, 952, 954 [2022]; People v Lunan, 196 AD3d 969, 970 [2021]; People v Mayo, 195 AD3d 1313, 1314 [2021]). During its limited oral colloquy, County Court relied wholly upon the written waiver in explanation of the nature and scope of the rights to be waived and, thus, "failed to ensure that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Mayo, 195 AD3d at 1314 [internal quotation marks and citations omitted]; see People v Williams, 203 AD3d 1398, 1398-1399 [2022], lv denied 38 NY3d 1036 [2022]; People v Harris, 201 AD3d at 1030; People v Ghee, 195 AD3d 1244, 1244 [2021], lvs denied 37 NY3d 992 [2021]). Although defendant is not precluded from challenging the severity of his sentence in light of his invalid appeal waiver (see People v Lunan, 196 AD3d at 970; People v Deming, 190 AD3d 1193, 1194 [2021], lv denied 36 NY3d 1119 [2021]), the agreed-upon prison sentence, which was just one year above the minimum permissible (see Penal Law §§ 70.06 [6] [c]; 110.00, 160.10), "was [not] unduly harsh or severe" (CPL 470.15 [6] [b]).
Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.