People v Mclean (2022 NY Slip Op 04675)

People v Mclean

2022 NY Slip Op 04675

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

112510
[*1]The People of the State of New York, Respondent,
v
Marquin Mclean, Appellant.

Calendar Date:June 17, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Ceresia and Fisher, JJ.

Angela Kelley, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered January 27, 2020, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In 2019, defendant and his codefendant were charged in a five-count indictment with various crimes stemming from the discovery of firearms and narcotics during the execution of search warrant upon a home. Defendant subsequently moved to suppress certain evidence or, in the alternative, for a Mapp hearing, but his motion was denied. Thereafter, in satisfaction of the charges against him, defendant pleaded guilty to criminal possession of a weapon in the second degree and purported to waive his right to appeal orally and in writing. Defendant was sentenced, as a second felony offender, pursuant to the plea agreement to a prison term of seven years, followed by five years of postrelease supervision. Defendant appeals.
At the outset, we agree with defendant's contention that his waiver of the right to appeal is invalid. Defendant's written appeal waiver is overbroad, as it advised that the waiver was a complete bar to a direct appeal as well as to collateral relief on certain nonwaivable issues in both state and federal courts (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Harris, 201 AD3d 1030, 1030 [2022], lvs denied 38 NY3d 950, 952, 954 [2022]; People v Mayo, 195 AD3d 1313, 1314 [2021]). County Court's brief oral colloquy as to the scope of the waiver was insufficient to cure these defects or to demonstrate that defendant otherwise understood the nature and consequences of the appeal waiver (see People v Harris, 201 AD3d at 1030; People v Ghee, 195 AD3d 1244, 1244 [2021], lvs denied 37 NY3d 992 [2021]).
We are nevertheless unpersuaded by defendant's claim that a reduction of his sentence is warranted. Defendant, an admitted second felony offender with a significant criminal record, received a negotiated sentence that is on the lower end of the statutory range (see Penal Law §§ 70.06 [3] [c]; 265.03). Although defendant alleges certain pre-plea deficiencies related to the effective assistance of his counsel and the denial of his request for a Mapp hearing in support of his challenge to the severity of his sentence, we do not find the arguments raised to be relevant on the issue of sentencing.[FN1] In view of the foregoing, we decline defendant's request to reduce the agreed-upon sentence in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]; People v Wilder, 196 AD3d 861, 863 [2021]).
Garry, P.J., Egan Jr., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: To the extent that defendant's allegations in this regard could be interpreted as impacting upon the voluntariness of his plea, we note that he does not challenge his guilty plea.