People v McLaughlin (2022 NY Slip Op 05358)

People v McLaughlin

2022 NY Slip Op 05358

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

113120
[*1]The People of the State of New York, Respondent,
v
Shaun McLaughlin, Appellant.

Calendar Date:September 7, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Matthew C. Hug, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered August 13, 2020 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
While attempting to flee from pursuing police officers, defendant allegedly discarded a loaded handgun. He was thereafter arrested and charged in a three-count indictment with, among other offenses, criminal possession of a weapon in the second degree. In full satisfaction of the indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree (see Penal Law § 265.03 [3]) and purportedly waived his right to appeal. Defendant entered into the plea agreement with the understanding that Supreme Court was not committed to adjudicating him a youthful offender and that the court would ultimately decide that issue at sentencing. At sentencing, Supreme Court stated that, because defendant had pleaded guilty to an "armed felony offense" (CPL 720.10 [3]), a determination that defendant was an eligible youth required a finding of mitigating circumstances bearing directly on the manner in which the crime was committed or that defendant's participation in the crime was relatively minor. Upon finding that neither factor was present, the court denied defendant youthful offender status and sentenced him to 3½ years in prison followed by 3½ years of postrelease supervision. Defendant appeals.
Initially, defendant's waiver of the right to appeal is invalid. "The written appeal waiver executed by defendant was overbroad, as it indicated that the waiver was a complete bar to a direct appeal as well as to collateral relief on certain nonwaivable issues in both state and federal courts" (People v Harris, 201 AD3d 1030, 1030 [3d Dept 2022], lv denied 38 NY3d 950 [2022]; see People v Bisono, 36 NY3d 1013, 1017 [2020]; People v Mayo, 195 AD3d 1313, 1314 [3d Dept 2021]). "Furthermore, the oral colloquy was insufficient to cure the multiple mischaracterizations in the written waiver or to demonstrate that defendant understood the nature and consequences of the waiver of appellate rights" (People v Harris, 201 AD3d at 1030 [citations omitted]).
Turning to the merits of defendant's challenge to Supreme Court's denial of youthful offender status, the court fully considered on the record the statutory override provisions of CPL 720.10 (3), found that neither of the two factors existed and stated its reasons for such finding (see People v Minemier, 29 NY3d 414, 420-421 [2017]; People v Middlebrooks, 25 NY3d 516, 527-528 [2015]). Contrary to defendant's contention, a review of the record confirms the court's findings, and, therefore, no abuse of discretion in the court's denial of youthful offender status exists (see People v Williams, 202 AD3d 1162, 1164 [3d Dept 2022], lv denied 38 NY3d 954 [2022]; People v Williams, 155 AD3d 1260, 1260 [3d Dept 2017], lv denied 30 NY3d 1121 [2018]; People v Brodhead, 106 AD3d 1337, [*2]1337 [3d Dept 2013], lv denied 22 NY3d 1087 [2014]).
Defendant also claims that Supreme Court erred in finding him presumptively ineligible for youthful offender treatment because, he contends, his conviction for criminal possession of a weapon in the second degree was not an "armed felony offense" under CPL 720.10 (3). Defendant, however, failed to object to the court's finding in this regard or otherwise preserve this contention for our review. Finally, to the extent that defendant's unpreserved claim that he was denied the effective assistance of counsel primarily concerns matters outside the record, it is more properly addressed in a motion pursuant to CPL article 440 (see People v Hewitt, 201 AD3d 1041, 1045 [3d Dept 2022], lv denied 38 NY3d 928 [2022]; People v McCoy, 198 AD3d 1021, 1023 [3d Dept 2021], lv denied 37 NY3d 1162 [2022]).
Clark, J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.