People v Novotny

2026 NY Slip Op 03187

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Kyle S. Novotny, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2022-01304, (Ind. No. 70029/21)

Colleen D. Duffy, J.P.

Deborah A. Dowling

Janice A. Taylor

Laurence L. Love, JJ.

Galgano Sharp LLP, Rye Brook, NY (Eric R. Sharp of counsel), for appellant.

Robert V. Tendy, District Attorney, Carmel, NY (MaryJane MacCrae of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Putnam County (Anthony R. Molé, J.), rendered January 26, 2022, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and criminal possession of a firearm, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress a statement he made to law enforcement officials and physical evidence.

ORDERED that the judgment is affirmed.

In March 2021, the defendant was indicted in the County Court, Putnam County, for criminal sale of a controlled substance in the third degree (Penal Law § 220.39[1]), criminal possession of a controlled substance in the third degree (id. § 220.16[1]), criminal possession of a weapon in the third degree (id. § 265.02[1]), and criminal possession of a firearm (id. § 265.01-b[1]).

"A jurisdictional defect in an indictment may not be waived by a guilty plea and can be raised for the first time on appeal" (People v Guerrero, 28 NY3d 110, 116). "'An indictment is rendered jurisdictionally defective only if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all'" (id., quoting People v Hansen, 95 NY2d 227, 231). The insufficiency of an indictment's factual allegations does not constitute a jurisdictional defect, and once a plea of guilty has been entered, the sufficiency of the evidence before the grand jury cannot be challenged (see id.; People v Konieczny, 2 NY3d 569, 572).

"The defendant has the right at common law and under the State Constitution to be tried in the county where the crime was committed unless the Legislature has provided otherwise" (People v Ribowsky, 77 NY2d 284, 291; see People v Moore, 46 NY2d 1, 6; People v Goldswer, 39 NY2d 656, 659-661; NY Const, art I, § 2). "The burden is on the People to prove by a preponderance of the evidence that the county where the crime is prosecuted is the proper venue because either the crime was committed there or one of the statutory exceptions is applicable" (People v Ribowsky, 77 NY2d at 291-292 [citations omitted]; see People v Moore, 46 NY2d at 6; [*2]People v Tullo, 34 NY2d 712). A prosecutor is required to present evidence to establish the county's jurisdiction to prosecute a crime, particularly when the alleged crime occurred in another county (see Matter of Steingut v Gold, 42 NY2d 311). "An offense committed within [500] yards of the boundary of a particular county, and in an adjoining county of this state, may be prosecuted in either such county" (CPL 20.40[4][c]). Contrary to the defendant's contention, the evidence submitted to the grand jury was sufficient to establish, by a preponderance of the evidence, that counts one and two of the indictment were committed within 500 yards of Putnam County.

"A hearing court's determination as to witness credibility is accorded great weight on appeal, as it saw and heard the witnesses, and its determination will not be disturbed unless clearly unsupported by the evidence" (People v Fletcher, 130 AD3d 1063, 1064, affd 27 NY3d 177; see People v Maiwandi, 170 AD3d 750). Here, although the defendant had not been read his Miranda rights (see Miranda v Arizona, 384 US 436) when officers asked him whether anything in the house could harm them, said inquiry was not made to uncover incriminating evidence, but to protect officer safety. Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress the statement he made in response to that inquiry (see New York v Quarles, 467 US 649, 655-657; People v Wilder, 196 AD3d 861, 863).

Under the circumstances of this case, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress a firearm, finding that it was properly seized pursuant to a search warrant. "A search warrant is considered independent of the illegal entry if it would have been secured even if there had been no illegal search" (People v DelRio, 220 AD2d 122, 131). Here, the defendant admitted that he possessed a firearm stored in his dresser, and this admission formed the basis for probable cause for a search warrant. Accordingly, the evidence obtained pursuant to the search warrant was not tainted by any prior illegality (see id.).

The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the County Court, and, in any event, without merit (see People v Pray, 183 AD3d 842, 842).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

The defendant's remaining contention is without merit.

DUFFY, J.P., DOWLING, TAYLOR and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court