■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH KENNEDY, Appellant. [847 NYS2d 736]—

Spain, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered November 23, 2005, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree,

and (2) by permission, from an order of said court, entered January 30, 2007, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Upon the execution of a search warrant at an apartment located in the City of Albany, defendant was found in possession of heroin. Pursuant to a plea agreement, he later pleaded guilty to one count of criminal possession of a controlled substance in the third degree and was sentenced to an agreed-upon prison term of eight years with three years of postrelease supervision. His posttrial motion to vacate the judgment pursuant to CPL 440.10 was denied without a hearing. He now appeals from the judgment of conviction and the order denying his motion to vacate.

With regard to defendant's claims on his direct appeal, we cannot agree with the People's contention that defendant effectively waived his right to appeal. The record of the plea colloquy does not adequately reflect, as the Court of Appeals has indicated it must in a decision subsequent to this plea, that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]) or that his oral appeal waiver was knowingly, voluntarily and intelligently made (*see People v Callahan*, 80 NY2d 273, 280 [1992]; *see also People v Calvi*, 89 NY2d 868, 871 [1996]).

However, we find—contrary to defendant's contentions—that his plea was knowing, voluntary and intelligent (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). The plea minutes reflect that defendant was advised of—and indicated he understood—the trial-related rights he would be foregoing by entering a guilty plea, and of the consequences of so doing; he indicated he had a full chance to discuss the proof with his attorney, that his plea was a voluntary choice, and that he was entering a plea because he was in fact guilty. Defendant then answered in the affirmative when asked if he was in possession of more than a one-half ounce of heroin on the date, time and location as alleged in the indictment (which were recited at the plea), and he entered a valid guilty plea. Defendant made no statements which cast doubt on his guilt or his understanding of the plea, or were inconsistent with guilt or negated an element of the crime so as to trigger County Court's duty to question him further (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Riddick*, 40 AD3d 1259, 1260 [2007], *lv denied* 9 NY3d 925 [2007]). It was not required that defendant himself recite the elements of the crime or to engage in a recitation of the underlying facts (*see People v Seeber*, 4 NY3d 780, 781 [2005];

*People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]).

Upon consideration of the mitigating factors urged by defendant, we are not persuaded that the agreed-upon eight-year sentence—which represents a midrange second felony offender sentence for this class B drug felony (*see* Penal Law § 70.70 [3] [b] [i] [3½ to 12-year range])—is harsh or excessive. Finding no abuse of discretion or extraordinary circumstances, we decline to reduce the sentence in the interest of justice (*see* CPL 470.15 [6] [b]; 470.20 [6]).

Defendant further argues that he was denied the effective assistance of trial counsel based upon counsel's alleged deficient conduct related to his suppression motions and misadvice concerning his right to appeal following his guilty plea. Defendant also argues that his pro se motion to vacate on those grounds was improperly denied without a hearing (*see* CPL 440.10 [1] [h]; 440.30). We find, however, that County Court did not improvidently exercise its discretion in denying defendant's motion without a hearing, which was supported only by his affidavit reciting the chronology of his case, given the absence of any "sworn allegations" (CPL 440.30 [4] [b]) substantiating his allegations that suppression was warranted or that defense counsel provided inadequate representation, allegations which were otherwise unsupported (*see* CPL 440.30 [4] [d]; *see also People v Woodard*, 23 AD3d 771 [2005], *lv denied* 6 NY3d 782 [2006]). Also, upon review of the record as a whole, we do not find that defendant was deprived of meaningful representation by trial counsel (*see People v Benevento*, 91 NY2d 708 [1998]). Defendant's remaining claims lack merit.

Crew III, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.