THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY M. SMITH, Appellant. [870 NYS2d 209]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of driving while intoxicated as a class D felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (ii)]), aggravated unlicensed operation of a motor vehicle in the

first degree (§ 511 [3] [a] [i]), and failure to stay within a traffic lane (§ 1128 [a]). As defendant correctly concedes, he failed to preserve for our review his contention that the evidence is legally insufficient to support his conviction of the count of driving while intoxicated (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). Nevertheless, we exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that the evidence is legally insufficient to support the conviction of that count (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In order to be convicted of driving while intoxicated as a class D felony, a person must have been twice convicted of an offense specified in Vehicle and Traffic Law § 1193 (1) (c) (former [ii]) within the past 10 years (*see id.*). Here, although defendant admitted to the two prior convictions listed on the special information for driving while intoxicated, the first conviction was on February 20, 1996, while the present offense was committed on February 23, 2006. Thus, by a period of three days, the first of the two prior convictions falls outside the 10-year period specified in section 1193 (1) (c) (former [ii]). We therefore modify the judgment by reducing the conviction of driving while intoxicated as a class D felony to a class E felony (*see* § 1193 [1] [c] [former (i)]), and we remit the matter to County Court for sentencing on driving while intoxicated as a class E felony. In light of our determination, we do not address defendant's challenge to the severity of the term of imprisonment and the fine imposed for the count of driving while intoxicated as a class D felony.

Defendant further contends that the $275 mandatory surcharge imposed by County Court pursuant to Vehicle and Traffic Law § 1809 is illegal and thus that there was no need for defendant to preserve that contention for our review. Mandatory surcharges are not part of a defendant's sentence (*see generally People v Nieves*, 2 NY3d 310, 314-318 [2004]), however, and we thus conclude that errors involving surcharges "are not reviewable under the illegal sentence exception to the preservation requirement" (*id.* at 317; *see generally People v Samms*, 95 NY2d 52, 56 [2000]). Nevertheless, we exercise our power to review defendant's contention as a matter of discretion in the interest of justice, and we note that the authorized mandatory surcharge is $250 rather than $275 (*see* § 1809 [1] [b] [former (i)]). We therefore further modify the judgment by reducing the mandatory surcharge accordingly (*see People v Figueroa*, 17 AD3d 1130 [2005], *lv denied* 5 NY3d 788 [2005]). Present—Centra, J.P., Fahey, Peradotto, Green and Gorski, JJ.