The People of the State of New York, Respondent, 
against
Antonios Stamos, Appellant.



Appeal from two judgments of the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency (Zelda Jonas, J.H.O.), rendered September 2, 2014 (District Court docket Nos. D147095PG8 and D147095PQ8), and from a determination of the same court dated September 2, 2014 (District Court docket No. D147095RG8). The judgments, after a nonjury trial, convicted defendant of two charges of failing to obey a traffic control device. The determination, after the nonjury trial, upon dismissing a charge of operating an unregistered motor vehicle, imposed a fee of $30.




ORDERED that the judgments of conviction are affirmed; and it is further,
ORDERED that so much of the appeal as is from the determination is dismissed.
Defendant was charged in two separate simplified informations with failing to obey a traffic control device (Vehicle and Traffic Law § 1110 [a]). He was also charged, in a third simplified information, with operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]). At a nonjury trial, a police officer testified that, at 8:41 a.m. on February 26, 2014, contrary to posted signs, defendant had been traveling in the HOV lane, which is the left lane, of the Long Island Expressway between exits 34 and 39 in a vehicle with commercial license plates, and that there had been no other passengers in the vehicle. Defendant presented photographs at trial, which the court would not admit into evidence on the ground that they were not relevant. Following the trial, the court found defendant guilty of the two charges of failing to obey a traffic control device and dismissed the charge of operating an unregistered motor vehicle. The court imposed a $75 fine, an $88 surcharge and a $30 driver assessment fee for each judgment of conviction. Upon dismissing the charge of operating an unregistered motor vehicle, the court imposed a "$30 fee."
On appeal, defendant argues that he was denied a fair trial when the photographs he presented at trial were not admitted into evidence. He further contends that the imposition of surcharges and fees was unconstitutional, and that the fines imposed were excessive.
First, we find that the court's ruling precluding the admission of defendant's photographic evidence did not deprive defendant of a fair trial, as defendant had failed to establish that the evidence was relevant (see People v Pobliner, 32 NY2d 356 [1973]).
Defendant's constitutional challenge to the imposition of the surcharges and fees cannot be considered, since no notice thereof was given to the State Attorney General (see People v Stoliarov, 21 Misc 3d 135[A], 2008 NY Slip Op 52209[U] [App Term, 2d Dept, 9th & 10th Jud [*2]Dists 2008]; see also People v Crespi, 51 AD3d 1036 [2008]). In any event, "[a] challenge to the constitutionality of a statute must be preserved" (People v Bauman & Sons Buses, Inc., 6 NY3d 404, 408 [2006]; see CPLR 470.05 [2]), and, here, defendant failed to preserve the issue. To the extent that defendant argues that the fine imposed on each judgment of conviction was excessive or unduly harsh, we note that neither exceeded the maximum allowable fine (see Vehicle and Traffic Law § 1800 [b]), and we find neither to be excessive or unduly harsh.
With respect to the court's imposition of a $30 fee upon dismissing the charge of operating an unregistered motor vehicle, we note that, in appropriate circumstances, the imposition of a surcharge is reviewable upon an appeal from a judgment of conviction, if the issue is preserved or in the interest of justice (see People v Smith, 57 AD3d 1410 [2008]; see generally People v Nieves, 2 NY3d 310 [2004]). However, the imposition of the $30 fee here was not made in conjunction with a judgment of conviction or sentence and does not come before this appellate court upon an appeal from a judgment of conviction (see People v Flores, 30 Misc 3d 135[A], 2011 NY Slip Op 50152[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Rather, the fee was imposed upon the dismissal of the charge of operating an unregistered motor vehicle, and no appeal lies from an acquittal of a charge after trial (cf. CPL 450.10). Consequently, so much of the appeal as is from the determination imposing a $30 fee is dismissed. We note in passing that Vehicle and Traffic Law § 1809 (4) provides that, where warranted, a request for a refund of a surcharge or fee shall be made by application to the state comptroller. 
Defendant's remaining contention lacks merit.
Accordingly, the judgments of conviction are affirmed and so much of the appeal as is from the determination is dismissed.
Marano, P.J., Tolbert and Garguilo, JJ., concur.
Decision Date: April 06, 2016