The People of the State of New York, Respondent,
against
Susan L. Pocrass, Appellant.




Susan L. Pocrass, appellant pro se.
Airmont Village Attorney (Anthony J. Benedict, Esq.), for respondent.

Appeal by defendant, as limited by the notice of appeal, from the imposition by the Justice Court of the Village of Airmont, Rockland County (Daniel R. Goldman, J.), on April 16, 2015, of a $93 mandatory surcharge, upon defendant's conviction of operating a motor vehicle without insurance, upon her plea of guilty, and from the preplea suspensions of defendant's driver's license and the $400 in fees she paid to terminate the suspensions.




ORDERED that so much of the appeal as is taken from the preplea suspensions of defendant's driver's license and the $400 in fees she paid to terminate the suspensions is dismissed, as no appeal lies therefrom (see CPL 450.10, 450.15); and it is further,
ORDERED that the imposition of the mandatory surcharge is affirmed.
On September 3, 2014, defendant was issued seven tickets charging her with various violations of the Vehicle and Traffic Law. Defendant failed to appear on the return date of the tickets and, pursuant to Vehicle and Traffic Law § 510 (4-a), her driver's license was suspended once for each ticket. Defendant subsequently paid $400 in fees to terminate her suspensions (see Vehicle and Traffic Law § 503 [2] [j-1] [i]). In April 2015, defendant pleaded guilty to operating a motor vehicle without insurance (Vehicle and Traffic Law § 319 [1]) in satisfaction of all of the charges set forth in seven simplified traffic informations. She was sentenced to a $150 fine, and a $93 mandatory surcharge was imposed.
On appeal, defendant contends that her driver's license should not have been suspended; [*2]that she should not have had to pay $400 in fees to terminate her suspensions; and that the Justice Court should have waived the surcharge since it was discretionary, not mandatory.
The preplea suspensions of defendant's driver's license were administrative acts which are reviewable only by the Supreme Court in an article 78 proceeding (see Vehicle and Traffic Law § 510 [7]; People v Cunha, 96 Misc 2d 522, 523 [App Term, 2d Dept, 9th & 10th Jud Dists 1978]) and are not reviewable on a direct appeal (see CPL 450.10, 450.15). Consequently, so much of the appeal as is taken from the preplea suspensions of defendant's driver's license and the $400 in fees she paid to terminate the suspensions is dismissed, as no appeal lies therefrom (see CPL 450.10, 450.15). 
Furthermore, contrary to defendant's contention that the Justice Court should have waived the discretionary surcharge—which argument defendant also made at sentencing—the surcharge imposed in the case at bar was mandatory pursuant to Vehicle and Traffic Law § 1809 (1). We note that Vehicle and Traffic Law § 1809 (1) also provides that a mandatory surcharge is levied "in addition to any sentence" and, thus, is not a part of the sentence (see People v Smith, 57 AD3d 1410, 1411 [2008]). In any event, defendant's contention has no merit since the judicial waiver of a mandatory surcharge is prohibited—with exceptions not applicable herein (see CPL 420.35 [2]; People v Jones, 26 NY3d 730, 735 [2016]; People v Singleton, 138 AD3d 571, 572 [2016]; People v Ricchiuti, 55 Misc 3d 148[A], 2017 NY Slip Op 50712[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
Accordingly, the imposition of the mandatory surcharge is affirmed.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017