People v Ballo (2021 NY Slip Op 00810)





People v Ballo


2021 NY Slip Op 00810


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, González, Shulman, JJ. 


Ind No. 2991/16 Appeal No. 13085 Case No. 2018-2539 

[*1]The People of the State of New York, Respondent,
v
Mardie Ballo, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (David Crow of counsel), and Davis Polk & Wardwell LLP, New York (Patrick W. Blakemore of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Nathan Brandon Shi of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered November 21, 2017, convicting defendant, after a jury trial, of assault in the first degree and attempted assault in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 9½ years, unanimously reversed, on the facts, and the indictment dismissed.
The evidence at trial indicated that defendant and a companion became involved in an altercation with the victim, the cashier at a delicatessen, and that in the course of the altercation, defendant's companion slashed the victim with a box cutter and struck him with a bat that he wrestled away from another delicatessen employee. The circumstances supported the inference that defendant was guilty of acting in concert in the attack, but undisputedly failed to support liability as a principal, that is, for personally attacking the victim. However, the prosecutor did not request, either before or after the court's charge, that the court instruct the jury regarding accessorial liability (see Penal Law § 20.00), and the court did not give such an instruction.
Because there is "no legal distinction between liability as a principal or criminal culpability as an accomplice" (People v Rivera, 84 NY2d 766, 769 [1995]), an indictment need not contain any language relating to accessorial liability. However, this does not mean that a conviction may be sustained on an acting-in-concert theory when no such theory was submitted to the jury (see People v Dlugash, 41 NY2d 725, 731 [1977]).
Legal sufficiency and weight of the evidence claims must be reviewed in light of the charge as given to the jury without objection (People v Ford, 11 NY3d 875, 878 [2008]; People v Danielson, 9 NY3d 342, 349 [2007]; see also People v Bundy, 90 NY2d 918, 920 [1997]). Defendant's claim of legal insufficiency claim is unpreserved and we decline to reverse on this ground in the interest of justice. However, in fulfilling our responsibility to independently review the weight of the evidence upon request, we are compelled to find that the jury verdict finding defendant guilty as a principal  the only theory charged  was against the weight of the evidence.
In so finding, we reject the People's argument that the record before us is the result of gamesmanship by defense counsel. The trial court provided a written copy of its proposed charge to the parties and allowed them to be heard; the People did not, at that time, request an accessorial liability charge. When the People raised the issue after summations were completed and the court's jury charge was read, defense counsel did not join a belated request for the accessorial liability charge, a decision consistent with counsel's constitutional obligations to defendant (US Const 6th Amend; NY Const, art I § 6; People v Benevento, 91 NY2d 708, 711-712 [1998]). It is incumbent upon the People, like any party before the court, to timely and properly request relief. 
THIS CONSTITUTES [*2]THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021