People v Anthony (2022 NY Slip Op 00074)





People v Anthony


2022 NY Slip Op 00074


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

110727
[*1]The People of the State of New York, Respondent,
v
Christian Anthony, Appellant.

Calendar Date:November 18, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Dana L. Salazar, East Greenbush, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Hogan, J.), rendered June 7, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Defendant waived indictment and pleaded guilty to a superior court information charging him with criminal sexual act in the first degree and purportedly waived his right to appeal. Pursuant to the plea agreement, defendant was to be sentenced, as a second violent felony offender, to a prison term of 15 years followed by 25 years of postrelease supervision. However, shortly after defendant pleaded guilty, the Assistant District Attorney informed Supreme Court and defense counsel that defendant's prior out-of-state convictions did not warrant defendant's status as a second violent felony offender but, rather, a first felony offender. As such, the plea agreement was modified to the extent of reducing the period of postrelease supervision to 20 years. The modified plea agreement was set forth at sentencing without objection from defendant. Supreme Court then sentenced defendant to a prison term of 15 years followed by 20 years of postrelease supervision. Defendant appeals.
Initially, we agree with defendant that the waiver of his right to appeal is invalid. The written waiver of appeal was overbroad in that, among other defects, it purported to be an absolute bar to taking a direct appeal and erroneously indicated that defendant relinquished his right to pursue, in both state and federal court, collateral relief on certain nonwaivable issues (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Mayo, 195 AD3d 1313, 1314 [2021]; People v Ghee, 195 AD3d 1244, 1244 [2021], lvs denied 37 NY3d 992 [2021]). The defect was not cured by Supreme Court's brief oral colloquy, which also suggested that the waiver barred any direct appeal and did not "ensure that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Mayo, 195 AD3d at 1314 [internal quotation marks and citations omitted]).
Notwithstanding the invalid appeal waiver, defendant's challenge to the voluntariness of the plea is unpreserved as the record does not reflect that defendant objected to the amended sentence reducing the period of postrelease supervision following his downward classification as a first felony offender nor did he make an appropriate postallocution motion (see People v Lamotte, 184 AD3d 907, 907 [2020]). Furthermore, the record does not demonstrate that the narrow exception to the preservation requirement is applicable (see People v Haynes, 194 AD3d 1310, 1310 [2021]; People v Guerrero, 194 AD3d 1258, 1260 [2021], lv denied 37 NY3d 992 [2021]).
Defendant's contentions that he was improperly sentenced as a second felony offender and that the sentence imposed was harsh and excessive — which are not precluded given the invalid appeal waiver — are without merit. The record clearly reflects that defendant was informed [*2]of the downward change to his status to a first felony offender, that the period of postrelease supervision was amended in order to be consistent with his first felony offender status and that Supreme Court made amendments to documents during sentencing to ensure that they reflected defendant's status as a first felony offender. The prison term, although not reduced in the amended sentencing offer for reasons explained by the Assistant District Attorney in his letter to the court and defendant, was accepted by defendant without objection and comports with the statutory parameters for a first felony offender convicted of criminal sexual act in the first degree. Finally, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence imposed in the interest of justice (see People v Coleman, 178 AD3d 1149, 1149 [2019]).
Garry, P.J., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.