People v Ward (2022 NY Slip Op 02458)

People v Ward

2022 NY Slip Op 02458

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

112098
[*1]The People of the State of New York, Respondent,
v
Jamelle Ward, Appellant.

Calendar Date:March 18, 2022

Before:Garry, P.J., Lynch, Clark, Colangelo and McShan, JJ.

Catherine A. Barber, Guilderland, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Hogan, J.), rendered July 25, 2019 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a five-count indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree as charged in the top count, admitting that he had possessed a loaded firearm. Pursuant to the plea agreement, which required a waiver of appeal, Supreme Court imposed the agreed-upon prison term of nine years to be followed by five years of postrelease supervision, as an acknowledged second felony offender. Defendant appeals.
Initially, we agree with defendant that his waiver of appeal is not valid. The written appeal waiver executed by defendant during the plea allocution is overly broad in several respects, including erroneously purporting to erect an absolute bar to a direct appeal and indicating that the appeal waiver precludes him from pursuing collateral relief in state and federal courts (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Anthony, 201 AD3d 1028, 1029 [2022]; People v Ghee, 195 AD3d 1244, 1244 [2021], lvs denied 37 NY3d 992 [2021]; People v Gamble, 190 AD3d 1022, 1024 [2021], lvs denied 36 NY3d 1095, 1097, 1098 [2021]). Moreover, the defects were not cured by the court's brief oral colloquy regarding the waiver of appeal.
In light of the invalid waiver of appeal, defendant is not precluded from challenging the perceived severity of the agreed-upon sentence (see People v Lopez, 6 NY3d 248, 256 [2006]). However, defendant has an extensive criminal history that includes five prior felonies and the indicted crimes were committed while he was on parole. Notably, the negotiated sentence avoided potential persistent felony offender sentencing and consecutive sentences for the distinct charged crimes (see Penal Law §§ 70.10, 70.25 [2]), and the prison term imposed was in the lower range of the permissible sentence for a second felony offender for this class C violent felony (see Penal Law §§ 70.02 [1] [b]; 70.06 [3] [c]; 265.03 [3]). There being no extraordinary circumstances or abuse of discretion, we decline defendant's request to reduce the sentence in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]; People v Lenahan, 201 AD3d 1255, 1256 [2022]).
Garry, P.J., Lynch, Clark, Colangelo and McShan, JJ., concur.
ORDERED that the judgment is affirmed.