People v Podeswa (2022 NY Slip Op 03146)

People v Podeswa

2022 NY Slip Op 03146

Decided on May 12, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 12, 2022

110607 112577
[*1]The People of the State of New York, Respondent,
v
Jonathan Podeswa, Appellant.

Calendar Date:March 23, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Adam G. Parisi, Schenectady, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Pritzker, J.
Appeals (1) from a judgment of the Supreme Court (McDonough, J.), rendered August 31, 2018 in Albany County, convicting defendant upon his plea of guilty of the crime of rape in the first degree, and (2) by permission, from an order of said court, entered August 28, 2020 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In May 2018, defendant was charged by indictment with one count of predatory sexual assault against a child stemming from allegations that, on multiple occasions, he engaged in acts of sexual conduct with a minor (hereinafter the victim). He subsequently accepted a plea agreement, pursuant to which he pleaded guilty to the reduced charge of rape in the first degree and, as part of the agreement, defendant was also required to waive his right to appeal. In accordance with the plea agreement, Supreme Court ultimately sentenced him, as a second felony offender, to a prison term of 12 years followed by 25 years of postrelease supervision, which would run consecutively to a separate sentence for a parole violation connected to an unrelated crime. Defendant then moved to vacate the judgment of conviction pursuant to CPL 440.10 on ineffective assistance grounds based upon counsel's failure to seek suppression of the search of his cell phone and to investigate an alleged recantation by the victim. Following the People's response in opposition, Supreme Court denied the motion without a hearing, finding the challenge to be wholly record-based and otherwise unsupported by sufficient information. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion.
Initially, we agree with defendant that the appeal waiver is overbroad and, thus, his waiver of the right to appeal was not knowing, voluntary and intelligent and is therefore unenforceable. We have found this exact written waiver, which was utilized by the Albany County District Attorney's office, to be overly broad (see People v Stratton, 201 AD3d 1201, 1202 [2022]; People v Robinson, 195 AD3d 1235, 1236 [2021]). Supreme Court's oral colloquy did not cure its defects (see People v Anthony, 201 AD3d 1028, 1029 [2022]; People v Winters, 196 AD3d 847, 848 [2021], lvs denied 37 NY3d 1025, 1030 [2021]).
Next, defendant seeks to vacate his plea on the ground that it was not knowing, intelligent and voluntary because Supreme Court failed to advise him of all of his Boykin rights. Insofar as defendant did not file a postallocution motion to withdraw the plea despite an opportunity to do so, this issue is unpreserved for review (see People v Miller, 190 AD3d 1029, 1030 [2021]; People v Apelles, 185 AD3d 1298, 1299 [2020], lv denied 35 NY3d 1092 [2020]). The narrow exception to the preservation rule does not apply since defendant did not make any statements during the plea colloquy that were "inconsistent with his guilt, negated an essential element [*2]of the charged crime or otherwise called into question the voluntariness of his plea" (People v Gamble, 190 AD3d 1022, 1024 [2021], lvs denied 36 NY3d 1095, 1097, 1098 [2021]; see People v Guerrero, 194 AD3d 1258, 1260 [2021], lv denied 37 NY3d 992 [2021]). Recognizing that his argument may be unpreserved, defendant asks us to take corrective action in the interest of justice. We decline to do so. As for defendant's further request, that this Court reduce his agreed-upon sentence in the interest of justice, we find no abuse of discretion or extraordinary circumstances that would warrant such a reduction (see People v Lenahan, 201 AD3d 1255, 1256 [2022]; People v Harris, 201 AD3d 1030, 1031 [2022], lvs denied 38 NY3d 950, 952, 954 [2022]).
Turning now to defendant's CPL 440.10 motion, "[o]n a motion to vacate a judgment of conviction under CPL 440.10, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief. Furthermore, a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Marte-Feliz, 192 AD3d 1397, 1397-1398 [2021] [internal quotation marks, brackets and citations omitted]; see CPL 440.30 [4]; People v Beverly, 196 AD3d 864, 865 [2021], lv denied 37 NY3d 1058 [2021]).
Initially, inasmuch as defendant's arguments of ineffective assistance of counsel involve both record and nonrecord-based claims, Supreme Court erred in failing to address these claims in their entirety as part of a review of counsel's overall performance in the context of the CPL article 440 motion (see People v Drayton, 189 AD3d 1888, 1891-1892 [2020], lv denied 36 NY3d 1119 [2021]; People v Taylor, 156 AD3d 86, 91-92 [2017], lv denied 30 NY3d 1120 [2018]). Nevertheless, defendant's ineffective assistance claims are without merit. To that end, one alleged failure that defendant points to is that counsel did not move to suppress the search of defendant's cell phone by defendant's parole officer. However, in his motion, "defendant failed to demonstrate the absence of any strategic or other legitimate explanation for . . . counsel's failure to seek suppression, which is necessary to rebut the presumption that counsel acted in a competent manner and exercised professional judgment in not seeking suppression" (People v Vecchio, 228 AD2d 820, 821 [1996]; see People v Stahl, 141 AD3d 962, 966 [2016], lv denied 28 NY3d 1127 [2016], cert denied ___ US ___, 138 S Ct 222 [2017]). Indeed, counsel may have concluded that such a motion was futile, as the challenged search and seizure could have been justified under the parole officer's duty "to detect and to prevent parole violations" given that, as the People indicated, defendant was under investigation for allegations of unwanted sexual conduct at the time of the search and seizure (People v Huntley[*3], 43 NY2d 175, 181 [1977]; see People v Johnson, 49 AD3d 1244, 1245 [2008], lv denied 10 NY3d 865 [2008]).
Defendant also contends that counsel was ineffective for failing to investigate an alleged recantation by the victim. In support of his motion, however, which is based upon information outside the record, defendant did not proffer any sworn allegations substantiating his claim and, instead, proffered only his own affidavit, which merely "recit[es] the chronology of his case" (People v Kennedy, 46 AD3d 1099, 1101 [2007], lv denied 10 NY3d 841 [2008]; see CPL 440.30 [4] [b]; compare People v Stetin, 192 AD3d 1331, 1332-1334 [2021]). In any event, we cannot say that the failure to investigate the alleged recantation constitutes the ineffective assistance of counsel, given that "recantation evidence is inherently unreliable" (People v Beaver, 150 AD3d 1325, 1325-1326 [2017] [internal quotation marks, brackets, ellipsis and citations omitted]; see People v Lane, 100 AD3d 1540, 1541 [2012], lv denied 20 NY3d 1063 [2013]) and the other significant evidence against defendant, including his own admissions to committing the offense (see People v Kamp, 161 AD3d 1394, 1395 [2018], lv denied 31 NY3d 1150 [2018]). Here, the record evinces that counsel secured a favorable plea deal that greatly minimized defendant's sentencing exposure. Notably, defendant attested during the plea colloquy that counsel had explained to him the People's evidence in this case as well as all possible defenses that he could present and further assented to being "highly satisfied with his representation." In view of the foregoing, we do not discern an abuse of discretion in Supreme Court's denial of defendant's CPL article 440 motion without a hearing (see People v Marte-Feliz, 192 AD3d at 1399; People v Kennedy, 46 AD3d at 1101).
Egan Jr., J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment and order are affirmed.