People v Kirschbaum (2022 NY Slip Op 04059)

People v Kirschbaum

2022 NY Slip Op 04059

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

112221
[*1]The People of the State of New York, Respondent,
v
George F. Kirschbaum, Appellant.

Calendar Date:May 26, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Thomas R. Villecco, Albany, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Lisa M. Bondarenka of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 10, 2019, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.
In satisfaction of a five-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and agreed to waive his right to appeal. Defendant was sentenced, as a second felony offender, in accordance with the terms of the plea agreement to concurrent prison terms of eight years followed by three years of postrelease supervision. Defendant appeals.
We affirm. The People concede, and our review of the record confirms, that the waiver of the right to appeal is invalid. The oral colloquy discussing the waiver of the right to appeal was overly broad as defendant was improperly advised that the appeal waiver amounted to a complete bar to pursuing a direct appeal and any collateral relief in state and federal courts (see People v Bisono, 36 NY3d 1013, 1017 [2020]; People v Ward, 204 AD3d 1172, 1172 [2022]; People v Beach, 197 AD3d 1440, 1440-1441 [2021]).[FN1]
Given the invalid appeal waiver, defendant is not precluded from challenging the agreed-upon sentence as unduly harsh and severe (see People v Lopez, 6 NY3d 248, 257 [2006]). To the extent that defendant asserts that he should have been sentenced to a drug treatment program, we note that a specific condition of the plea agreement was that such a sentence not be imposed. In any event, we discern no basis upon which to disturb the sentence imposed (see CPL 470.15 [6] [b]).
Garry, P.J., Lynch, Aarons and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although the record indicates that defendant also executed a written appeal waiver, no such written appeal waiver is contained in the County Court file and it could not be located upon appellate counsel's inquiry to that court.