People v Nisby (2022 NY Slip Op 04584)

People v Nisby

2022 NY Slip Op 04584

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

111492
[*1]The People of the State of New York, Respondent,
v
Shannon Nisby, Also Known as Moon, Appellant.

Calendar Date:June 2, 2022

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ.

Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

McShan, J.
Appeal from a judgment of the Supreme Court (Hogan, J.), rendered December 21, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.
Defendant and a codefendant were charged by indictment with various crimes, including attempted murder in the first degree, attempted assault in the first degree and assault in the second degree, stemming from an incident where the codefendant allegedly stabbed the victim. In satisfaction thereof, defendant pleaded guilty to attempted assault in the first degree and purportedly waived the right to appeal. Prior to sentencing, defendant made two motions seeking to withdraw his plea, citing new evidence and claiming that the plea was not knowingly, intelligently and voluntarily entered. Supreme Court denied the motions without a hearing and sentenced defendant, as a second violent felony offender, to the agreed-upon prison term of 10 years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant initially contends that his waiver of the right to appeal is invalid. We agree. Defendant executed a written appeal waiver that was overbroad, inasmuch as it indicated that the waiver was a complete bar to a direct appeal as well as to collateral relief on certain nonwaivable issues in both state and federal courts (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Hilts, 200 AD3d 1306, 1306 [2021]; People v Lunan, 196 AD3d 969, 969 [2021]). Moreover, Supreme Court did not overcome this overbroad language by ensuring during the colloquy that defendant understood that some appellate and collateral review survived the waiver (see People v Robinson, 195 AD3d 1235, 1236 [2021]; People v Avera, 192 AD3d 1382, 1382 [2021], lv denied 37 NY3d 953 [2021]).
Nevertheless, we find that defendant's remaining contentions lack merit and therefore affirm. Defendant challenges the voluntariness of his plea and makes a related claim that Supreme Court abused its discretion in denying his motions to withdraw his plea. To this end, he argues that his plea was not knowing, intelligent and voluntary due to Supreme Court not affirming during the plea colloquy that he was pleading guilty as an accomplice, rather than as the actual perpetrator of the attack on the victim. "'Whether a defendant is charged as a principal or as an accomplice to a crime has no bearing on the theory of the prosecution,' as there is no legal distinction between criminal liability as a principal or as an accessory" (People v Spencer, 169 AD3d 1268, 1272 [2019], lvs denied 34 NY3d 935, 938 [2019], quoting People v Rivera, 84 NY2d 766, 769 [1995]). As such, "[t]he People are not required to specify in an indictment whether a defendant is being charged as a principal or as an accomplice" (People v Guidice, 83 NY2d 630, 637 [1994]; see People v Rivera, 84 NY2d at 771; People v Thompson, 75 AD3d 760, 765 [2010], lvs denied 15 NY3d 893, 894 896 [2010[*2]]).
The record reflects that during the plea colloquy defendant admitted to the conduct outlined in the count of the indictment charging defendant and the codefendant with attempted assault in the first degree, as read by Supreme Court.[FN1] In pleading guilty to that offense, he voluntarily admitted that he had engaged in conduct satisfying all the elements of that crime. While defendant is correct that the People would have been required to submit an accessorial liability charge to a jury in order to obtain a conviction under that theory at trial (see People v Dlugash, 41 NY2d 725, 731 [1977]; People v Ballo, 191 AD3d 482, 483 [2021], lv denied 37 NY3d 953 [2021]), that did not foreclose defendant from pleading guilty to the charge as contained in the indictment, which did not need to specify the theory under which the People would later proceed. To this end, the record reflects that Supreme Court advised defendant that, by pleading guilty, he was relinquishing his right to a jury trial where the People would be required to prove the charges against him beyond a reasonable doubt and defendant affirmed that he understood (see People v Moore, 201 AD3d 1209, 1211 [2022]; People v Carl, 188 AD3d 1304, 1306 [2020], lv denied 37 NY3d 954 [2021]; see also People v Ballo, 191 AD3d at 483). As defendant did not make any statements during the plea colloquy that cast doubt on his guilt — particularly, one that would negate his shared intent to commit the offense — Supreme Court was under no further obligation to affirm that defendant was pleading guilty in accordance with the People's theory of accessorial liability prior to accepting his plea (see People v Kaszubinski, 55 AD3d 1133, 1136 [2008], lv denied 12 NY3d 855 [2009]; compare People v Howard, 183 AD2d 916, 917 [1992]; People v Bendross, 153 AD2d 75, 77 [1989]; cf. People v Widger, 160 AD3d 1297, 1298 [2018]; People v Frank, 100 AD3d 1145, 1146 [2012]). Accordingly, we are satisfied that defendant's plea was knowing, intelligent and voluntary. Given the foregoing, we find no abuse of discretion in Supreme Court denying defendant's motions to withdraw his plea without a hearing (see People v Buchanan, 202 AD3d 1166, 1167 [2022], lv denied 38 NY3d 1007 [2022]; People v Palmer, 174 AD3d 1118, 1119 [2019]).
Garry, P.J., Egan Jr., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: A person is guilty of attempted assault in the first degree when, with intent to cause serious physical injury to another person, he or she attempts to cause serious physical injury to such person or a third person by means of a deadly weapon or dangerous instrument (see Penal Law §§ 110.00, 120.10 [1]).