People v Johnson (2023 NY Slip Op 03821)

People v Johnson

2023 NY Slip Op 03821

Decided on July 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 13, 2023

112792
[*1]The People of the State of New York, Respondent,
v
Joseph Johnson, Appellant.

Calendar Date:June 23, 2023

Before:Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ.

Marshall Nadan, Kingston, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered August 26, 2020 in Schenectady County, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
In satisfaction of a three-count indictment charging defendant with predatory sexual assault against a child and other crimes, defendant pleaded guilty under count 3, as reduced, to rape in the first degree. The plea agreement required a waiver of appeal and contemplated a prison term in the range of 16 to 19 years. After defendant's motion to withdraw his guilty plea was denied, Supreme Court imposed a prison term of 19 years to be followed by 20 years of postrelease supervision. Defendant appeals.
Appellate counsel seeks to be relieved of this assignment of representing defendant on the ground that there are no nonfrivolous issues that may be raised on appeal. Upon our review of the record and counsel's brief, we disagree and find that there is an issue of arguable merit with respect to the breath and validity of defendant's appeal waiver that may potentially impact other issues that may be raised, such as the severity of the sentence, and, thus, the appeal is not wholly frivolous (see People v. Shanks, 37 NY3d 244, 251-253 [2021]; People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Ward, 204 AD3d 1172, 1173-1174 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]; People v Anthony, 201 AD3d 1028, 1029 [3d Dept 2022], lv denied 38 NY3d 1069 [2022]). Accordingly, without passing judgment on the ultimate merit of this or any other issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.