People v Marsh (2023 NY Slip Op 05555)

People v Marsh

2023 NY Slip Op 05555

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

113304
[*1]The People of the State of New York, Respondent,
v
James Marsh, Appellant.

Calendar Date:October 6, 2023

Before:Clark, J.P., Aarons, Ceresia, Fisher and Mackey, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered October 15, 2021 in Albany County, convicting defendant upon his plea of guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree (two counts).
Defendant was charged by indictment with aggravated unlicensed operation of a motor vehicle in the first degree (two counts), stemming from his conduct in driving on two separate occasions while his license was suspended, having then in effect 10 or more suspensions of his driving privileges. Defendant thereafter pleaded guilty as charged in the indictment and purported to waive his right to appeal in exchange for concurrent sentences on each count of five years of probation, in addition to two separate $500 fines. Supreme Court sentenced defendant pursuant to the terms of the plea agreement, and imposed a $300 surcharge, among other fees. Defendant appeals.
Initially, as the People concede and our review of the record confirms, defendant's appeal waiver is invalid. Supreme Court's oral colloquy was overbroad, suggesting that the waiver was an absolute bar to appellate review (see People v Knowlton, 207 AD3d 1002, 1002 [3d Dept 2022]; People v Anthony, 201 AD3d 1028, 1029 [3d Dept 2022], lv denied 38 NY3d 1069 [2022]). The language in defendant's written waiver was similarly overbroad and, thus, failed to cure the court's oral colloquy so as to "ensure that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Mayo, 195 AD3d 1313, 1314 [3d Dept 2021] [internal quotation marks and citations omitted]; accord People v Anthony, 201 AD3d at 1029). Accordingly, defendant's waiver of the right to appeal was not knowing, voluntary and intelligent and is therefore invalid (see People v Darby, 206 AD3d 1165, 1166-1167 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Robinson, 195 AD3d 1235, 1236 [3d Dept 2021]).
Given the invalid appeal waiver, defendant's challenge to the severity of his sentence is not precluded (see People v Knowlton, 207 AD3d at 1003; People v Pompey, 203 AD3d 1411, 1412 [3d Dept 2022], lv denied 38 NY3d 1009 [2022]). Nevertheless, in view of defendant's criminal history, we do not find the negotiated sentence of probation imposed, rather than a term of imprisonment (see Vehicle and Traffic Law § 511 [3] [b]; Penal Law § 70.00 [2] [e]; [3] [b]), to be unduly harsh or severe (see CPL 470.15 [6] [b]). Similarly, the $500 fines imposed were at the mandatory statutory minimum amount (see Vehicle and Traffic Law § 511 [3] [b] [i]). We find no merit in defendant's argument that separate fines should not have been imposed on each offense, as Penal Law § 80.15, which restricts the imposition of multiple fines for multiple offenses, is expressly inapplicable to any offense set forth in the Vehicle and Traffic Law (see Penal Law § 80.15).
Finally, although defendant's challenge to the $300 surcharge is unpreserved for our review (see [*2]Vehicle and Traffic Law § 1809 [1] [c]; People v Smith, 57 AD3d 1410, 1411 [4th Dept 2008]; see generally People v Hoti, 12 NY3d 742, 743 [2009]; People v Nieves, 2 NY3d 310, 315 [2004]), we nevertheless exercise our interest of justice jurisdiction to modify the surcharge, as the authorized mandatory surcharge applicable here is $83 rather than the $300 imposed (see Vehicle and Traffic Law §§ 1809 [1] [c]; 1809-e [1] [a]; People v Smith, 57 AD3d at 1411). We thus modify the judgment by reducing the mandatory surcharge imposed accordingly (see People v Grumberg, 153 AD3d 1525, 1527 [3d Dept 2017]).
Clark, J.P., Aarons, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as imposed a $300 surcharge; surcharge reduced to $83; and, as so modified, affirmed.