People v Hall (2024 NY Slip Op 01354)

People v Hall

2024 NY Slip Op 01354

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

112566
[*1]The People of the State of New York, Respondent,
v
Patrick Hall, Appellant.

Calendar Date:February 9, 2024

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Terrence M. Kelly, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered June 25, 2020 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and criminal contempt in the first degree.
In satisfaction of a five-count indictment, defendant pleaded guilty to assault in the second degree and criminal contempt in the first degree pursuant to a plea agreement that included a waiver of appeal. The charges stem from defendant's conduct in becoming violent after his former girlfriend, in whose favor a no-contact order of protection was in place, gave him a ride; when she attempted to flee, a neighbor intervened and defendant repeatedly punched him in the head and smashed his face against the pavement, causing serious physical injuries. Pursuant to the plea agreement, defendant signed a written waiver of appeal. Consistent with the terms of the agreement, Supreme Court sentenced defendant, upon his assault in the second degree conviction, to a prison term of five years to be followed by three years of postrelease supervision, and to a one-year jail term upon his conviction of criminal contempt in the first degree.
Initially, we agree with defendant's argument that his waiver of appeal is not valid. The written appeal waiver contains language that has been held to be overly broad and inaccurate, purporting to erect an absolute bar to a direct appeal by providing that the waiver "will mark the end of my case" and preclude pursuit of an appeal "in any State or Federal court" or a "collateral[ ] attack in any State or Federal Court" (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 558, 566 [2019]; People v Dunbar, 218 AD3d 931, 932 [3d Dept 2023], lv denied 40 NY3d 950 [2023]; People v McLaughlin, 208 AD3d 1556, 1557 [3d Dept 2022], lv denied 39 NY3d 1074 [2023]; People v Nisby, 207 AD3d 876, 876 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]; People v Ward, 204 AD3d 1172, 1172-1173 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]; People v Gamble, 190 AD3d 1022, 1024 [3d Dept 2021], lv denied 36 NY3d 1097 [2021]; see also People v Appiah, ___ NY3d ___, ___, 2024 NY Slip Op 00158, *1 [2024]). Although the oral colloquy and written waiver indicated that some appellate issues survive the waiver, the oral advisement was insufficient to correct the erroneous statement in the written waiver that all collateral review and all federal court relief is precluded and did not establish that defendant understood that such review survives the waiver (see People v Devane, 212 AD3d 894, 895 [3d Dept 2023], lv denied 39 NY3d 1112 [2023]; People v Nisby, 207 AD3d at 876; People v Ward, 204 AD3d at 1173; People v Williams, 203 AD3d 1398, 1398-1399 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]). Consequently, defendant did not knowingly, intelligently and voluntarily waive the right to appeal (see People v Thomas, 34 NY3d at 560).
In light of the invalid waiver of appeal, defendant [*2]is not precluded from challenging the perceived severity of the agreed-upon sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Manson, 205 AD3d 1150, 1151-1152 [3d Dept 2022]). However, Supreme Court considered the mitigating factors, including defendant's limited criminal history and expressions of remorse, as have we, but aptly characterized the crimes as "extremely violent." Defendant faced a maximum sentence of seven years for the brutal assault on the good samaritan, a violent felony offense (see Penal Law § 70.02 [3] [c]), which could have been imposed consecutively to a sentence of up to four years upon his criminal contempt in the first degree conviction for violating the order of protection in favor of his former girlfriend (see Penal Law §§ 70.00 [2] [e]; 70.25 [2]). As contemplated by the plea agreement, which satisfied more serious charges that carried a potential 25-year prison sentence (see Penal Law §§ 70.02 [3] [a]; 120.10 [1]), defendant's definite one-year jail term merged with and was satisfied by his service of the determinate five-year prison term, effectively running the sentences concurrently (see Penal Law §§ 70.00 [4]; 70.35; People v Leabo, 84 NY2d 952, 953 [1994]). Under these circumstances, we do not find that the sentence was "unduly harsh or severe" so as to warrant a reduction in the interest of justice (CPL 470.15 [6] [b]).
Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.