People v Acosta (2024 NY Slip Op 03782)

People v Acosta

2024 NY Slip Op 03782

Decided on July 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 11, 2024

113593
[*1]The People of the State of New York, Respondent,
v
William Acosta, Appellant.

Calendar Date:June 14, 2024

Before:Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Appeal from a judgment of the County Court of Clinton County (Keith M. Bruno, J.), rendered November 22, 2021, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree.
In satisfaction of a 10-count indictment, defendant pleaded guilty to three counts of criminal sale of a controlled substance in the third degree, one count of criminal possession of a controlled substance in the third degree and one count of criminal possession of a weapon in the third degree. The plea agreement required defendant to waive the right to appeal. County Court sentenced defendant, as a second felony offender, to nine years in prison, followed by three years of postrelease supervision. Defendant appeals.
Appellate counsel seeks to be relieved of this assignment of representing defendant on the ground that there are no nonfrivolous issues that may be raised on appeal. Upon our review of the record and defense counsel's brief, we disagree and find that there is an issue of arguable merit with respect to the breadth and validity of defendant's appeal waiver that may potentially impact other issues that may be raised, such as the severity of the sentence, and, thus, the appeal is not wholly frivolous (see People v Shanks, 37 NY3d 244, 251-253 [2021]; People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Ward, 204 AD3d 1172, 1172-1173 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]). Accordingly, without passing judgment on the ultimate merit of this or any other issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [3d Dept 1985], lv denied 67 NY2d 650 [1986]).
Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.