People v Peterson (2026 NY Slip Op 00410)

People v Peterson

2026 NY Slip Op 00410

Decided on January 29, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 29, 2026

CR-24-0417
[*1]The People of the State of New York, Respondent,
vJohn G. Peterson, Appellant.

Calendar Date:January 2, 2026

Before:Garry, P.J., Pritzker, Ceresia, Fisher and Corcoran, JJ.

David E. Woodin, Catskill, for appellant.
Joseph Stanzione, District Attorney, Catskill (Krista Kline of counsel), for respondent.

Appeal from a judgment of the County Court of Greene County (Terry Wilhelm, J.), rendered October 12, 2023, convicting defendant upon his plea of guilty of the crimes of aggravated vehicular homicide and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs.
Defendant was charged in a five-count indictment with various crimes stemming from a motor vehicle accident in which he drove his car while intoxicated and crossed into the oncoming lane, striking a vehicle headed in the opposite direction and killing its driver. In satisfaction of the indictment, defendant pleaded guilty to aggravated vehicular homicide and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, with the understanding that he would be sentenced to an aggregate prison sentence of no less than 5 to 15 years and no more than 7 to 21 years. The plea agreement also required defendant to waive his right to appeal. County Court thereafter sentenced defendant to 7 to 21 years in prison on the aggravated vehicular homicide conviction, and to a lesser concurrent sentence on the other conviction. Defendant appeals.
We affirm. Initially, the People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid as the plea colloquy and the written appeal waiver "failed to ensure that defendant understood that some appellate rights survive the appeal waiver" (People v Clark, 209 AD3d 1063, 1064 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 39 NY3d 1140 [2023]; see People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Marsh, 221 AD3d 1063, 1064 [3d Dept 2023]). Accordingly, defendant's challenge to the severity of his sentence is not precluded (see People v Gouge, 239 AD3d 1143, 1144 [3d Dept 2025]; People v Loadholt, 234 AD3d 1188, 1189 [3d Dept 2025]). That said, despite a prior conviction for driving while intoxicated, defendant again chose to operate a vehicle after consuming alcohol and drugs, resulting in the death of a motorist. While we have considered the mitigating circumstances presented by defendant, we are not persuaded that the negotiated sentence imposed is unduly harsh or severe and decline his request to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]; People v Collins, 226 AD3d 1257, 1258 [3d Dept 2024]; People v Ferguson, 193 AD3d 1253, 1259 [3d Dept 2021], lv denied 37 NY3d 964 [2021]).
Garry, P.J., Pritzker, Ceresia, Fisher and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.